**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Noel Menendez,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　Respondents. | No. CV-14-02436-PHX-DGC<br><br>**ORDER** |

Petitioner Justin Menendez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Doc. 1. On October 20, 2015, Magistrate Judge Metcalf issued a Report and Recommendation ("R&R") recommending that the Petition be denied. Doc. 14 at 48. Petitioner objected to the R&R (Doc. 15) and Respondents filed a response (Doc. 16). For the reasons that follow, the Court will deny Petitioner's objections and accept Judge Metcalf's recommendations in full.

**I.   Background.**

On November 15, 2006, detectives placed Petitioner under surveillance. Doc. 14 at 1. That night and into the morning of November 16th, detectives witnessed Petitioner, who was wearing dark clothing and dark gloves, and an accomplice, make several trips between his house and a nearby unoccupied residence. *Id.* at 1-2. While the two individuals were at the unoccupied residence, "detectives heard a drill-like noise, several 'loud bangs,' and then 'smaller banging.'" *Id.* at 2. Each time the two men returned to

Petitioner's house, detectives examined the unoccupied residence and noticed progressive damage. *Id.* After Petitioner's final visit, detectives observed pry marks near the lower door hinge and a broken portion of the side garage door lying on the floor. *Id.* Later that night, police conducted a traffic stop, arrested Petitioner, searched his vehicle, and found a pair of black gloves, a flathead screwdriver, and a flashlight. *Id.*

On November 24, 2006, Petitioner was indicted in Maricopa County Superior Court on charges of attempted burglary in the second degree and possession of burglary tools. *Id.* Prior to trial, the court granted Petitioner's unopposed motion in limine to preclude, among other things, (1) any testimony regarding the police placing Petitioner under surveillance because they suspected he was a career burglar, (2) Petitioner's admissions that he was a career burglar, and (3) any testimony relating to another recent burglary involving Petitioner. *Id.* A jury convicted Petitioner on both charges. *Id.* The trial court sentenced Petitioner to concurrent terms of 15 years for attempted burglary in the second degree and 5.75 years for possession of burglary tools. *Id.*

Petitioner appealed his conviction to the Arizona Court of Appeals. Finding no viable issue for appeal, Petitioner's counsel filed an *Anders* brief that included eleven claims Petitioner wished to present. *Id.* at 3. Petitioner subsequently filed a supplemental opening brief, arguing that the trial court also erred by: (1) admitting testimony addressing detectives' surveillance of Petitioner, (2) denying a jury instruction to clarify this testimony, and (3) denying Petitioner's motions to acquit. *Id.* The Court of Appeals affirmed the conviction in a memorandum decision "addressing claims regarding insufficient evidence, withholding of exculpatory information, and denial of clarifying jury instruction, and declining to address a claim of ineffective assistance of counsel." *Id.* The Court of Appeals also conducted an independent review of the record and found no reversible error. *Id.*

Petitioner sought review by the Arizona Supreme Court, and on November 8, 2010, the court summarily denied his request. *Id.* Petitioner subsequently pursued post-conviction relief. The Arizona Court of Appeals issued a memorandum

decision granting review of his petition but denying relief because all of Petitioner's claims were either raised or could have been raised on appeal. *Id.* at 3-4. Petitioner did not seek further review. *Id.* at 4.

Petitioner's federal habeas petition raises six grounds for relief. *See* Doc. 1 at 7-20. In his R&R, Judge Metcalf concluded that "Petitioner's state remedies were adequately exhausted, but his claims are without merit." Doc. 14 at 48. Judge Metcalf recommended that the Petition be denied. *Id.* Judge Metcalf also recommended that "to the extent that the Court adopts this [R&R] as to the Petition, a certificate of appealability should be denied." *Id.* at 49.

**II.     Legal Standard.**

A party may file specific, written objections to an R&R within 14 days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"); *see also* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Section 2254 Rules 8(b); *see also* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

**III.    Analysis**.

Petitioner objected to Judge Metcalf's findings that Petitioner's grounds one, four, five, and six are without merit. Because Petitioner did not object to Judge Metcalf's findings as to grounds two and three, the Court has no duty to review these grounds. Section 2254 Rules 8(b); *see also* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 149-50; *Reyna-Tapia*, 328 F.3d at 1121. Respondents argue that Petitioner's objections to the R&R are untimely and therefore should not be considered. The Court will address each argument below, beginning with Respondents' timeliness argument.

///

### A. Timeliness of Petitioner's Objections.

Respondents argue that Petitioner's objections are untimely and should not be considered "unless Petitioner can prove that they are timely." Doc. 16 at 2-3. A party wishing to object to a magistrate judge's R&R must file his objections within 14 days of being served with a copy of it. Section 2254 Rules 8(b); *see also* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). Judge Metcalf filed his R&R on October 20, 2015. Doc. 14 at 50. The record does not reflect when Petitioner was actually served with the R&R. Although he did not file his objections until November 16, 2015, Petitioner indicated that they were "submitted" on November 12, 2015. Doc. 15 at 9. Because the 14-day objection period is triggered by the R&R's service, rather than its filing, the Court cannot conclude that Petitioner's objections are untimely. It is possible that Petitioner did not receive a copy of the R&R until October 30, 2015, in which event his submission would be timely. The Court will consider the merits of Petitioner's objections.

### B. Ground One.

Petitioner asserts that his right to due process was violated when, contrary to the trial court's ruling on his motion in limine, several State witnesses testified that Petitioner was under surveillance. Doc. 15 at 3-4. Prior to trial, Petitioner filed a motion in limine to preclude testimony that the police were surveilling him because they believed he was a career burglar, testimony that he admitted to being a career burglar, and testimony about another recent burglary in which he was involved. Doc. 14 at 28. The State agreed with the motion and the trial court granted it. *Id.* At trial, several of the State's witnesses testified that they were watching Petitioner during the events in question, but without explaining why he was under surveillance. *Id.* at 29-30. After one witness was cross-examined, four jurors posed questions seeking to clarify why Petitioner had been placed under surveillance. *Id.* at 29. Because Petitioner's counsel objected, the questions were never asked of the witness. *Id.* Petitioner has not identified any trial testimony that he was under surveillance because he was a career burglar, that he admitted to being a career burglar, or that he was involved in another burglary.

Viewed narrowly, ground one alleges only a state law error – that the State witnesses violated the trial court's order. This argument is factually incorrect. The witnesses appear to have adhered to the ruling. But in any event, it is well settled that federal habeas relief is not available to correct state law errors. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Such relief is available only when a state prisoner "'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)).

Viewed more broadly, ground one may be understood as asserting a due process violation. In the Ninth Circuit, "a federal court cannot disturb on due process grounds a state court's decision to admit prior bad acts evidence unless the admission of the evidence was arbitrary or so prejudicial that it rendered the trial fundamentally unfair." *Walters v. Maass*, 45 F.3d 1355, 1357 (9th Cir. 1995) (citation omitted).

Petitioner objects to testimony by the State's witnesses that he was "being investigated and [was] under surveillance" at the time the officers observed his actions. Doc. 15 at 3. The admission of this evidence was not arbitrary. Petitioner asked the trial court to exclude the reasons for the surveillance, not the fact that he was under surveillance. Doc. 14 at 28-29. The State agreed to this limitation and it was followed at trial. In addition, the fact that the officers were conducting surveillance of Petitioner was relevant to the jury's understanding of their testimony and the circumstances that led to their observations of Petitioner.

Nor can the Court conclude that admission of this evidence was so prejudicial that it rendered the trial fundamentally unfair. Petitioner claims that telling the jury he was under surveillance "is saying to the jury that the Defendant is an accused person under official inquiry of a criminal offense." Doc. 15 at 3. While it is true that some jurors questioned why Petitioner was under surveillance, it is also true that understanding the nature of the officer's observations was relevant to assessing their credibility. The fact that they had Petitioner under surveillance was integral to their testimony about what they observed, where they observed it, and why they were there. *See United States v. Silva*,

380 F.3d 1018, 1020 (7th Cir. 2004) ("If a jury would not otherwise understand why an investigation targeted a particular defendant, the testimony could dispel an accusation that the officers were officious intermeddlers staking out [the defendant] for nefarious purposes."). Petitioner, the prosecutor, and the trial court agreed before trial that the reason for the surveillance would not be disclosed to the jury. This was a reasonable limitation on the officers' testimony that protected Petitioner against undue prejudice. The Court cannot conclude, however, that the trial was rendered fundamentally unfair because the jury heard truthful testimony about why the officers were in a position to observe Petitioner's burglary activities.

The Court finds that the admission of State's witnesses' testimony that Petitioner was under surveillance does not violate due process. *See Walters*, 45 F.3d at 1357.

**C.    Ground Four.**

Petitioner argues that he was denied due process when he was sentenced to a 15 year term after being told that he would receive no more than ten years if convicted at trial. *See* Doc. 15 at 4-6. Petitioner asks the Court to "summons [his] trial attorney of record to give a sworn statement" that would support this assertion. *Id.* at 5-6.

Petitioner's claim is directly contrary to the record. At a settlement conference prior to trial, Petitioner's counsel told the settlement judge that Petitioner could be sentenced to a minimum of 7.5 years and a maximum of 15 years if he lost at trial. Doc. 14 at 42.

In addition, Petitioner fails to allege a constitutional violation. A criminal defendant does not have a constitutional right to a plea bargain. *United States v. Forrester*, 616 F.3d 929, 939 (9th Cir. 2010) (citing *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977)).

Finally, Petitioner is not entitled to an evidentiary hearing on this issue. To obtain an evidentiary hearing, a habeas petitioner must allege facts that, if true, would entitle him to habeas relief. *West v. Ryan*, 608 F.3d 477, 485 (9th Cir. 2010). If the record refutes the Petitioner's factual allegations or otherwise precludes habeas relief, a district

court is not required to hold an evidentiary hearing. *Id.* Here, the record refutes Petitioner's claim that his counsel thought the sentence would be capped at ten years. In addition, Petitioner has failed to allege facts that would establish a constitutional violation.

### D. Ground Five.

Petitioner contends that he was denied due process when the trial court refused to grant his motion for a directed verdict. Doc. 15 at 7. But the granting of a directed verdict in a state criminal trial is a matter of state procedural law, in this case governed by Arizona Rule of Criminal Procedure 20(a). As already noted, federal habeas relief is not available to correct state law errors. *Estelle*, 502 U.S. at 67-68. Petitioner cites no authority to suggest that federal law governs such procedural matters, much less that such matters derive from federal constitutional requirements.

### E. Ground Six.

Petitioner asserts that he was denied due process because the jury returned a verdict that was not supported by sufficient evidence. *See* Doc. 15 at 7-8. For a conviction to comport with due process, the government must prove beyond a reasonable doubt "every fact necessary to constitute the crime with which [the defendant] is charged," *In re Winship*, 397 U.S. 358, 364 (1970), and "every element of the charged offense," *Carella v. California*, 491 U.S. 263, 265 (1989) (citation omitted). In reviewing an insufficiency of the evidence claim, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citation omitted) (emphasis in original). A reviewing court may not substitute its own subjective determination of guilt for that of the factfinder and may not weigh the credibility of witnesses. *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993) (citing *Jackson*, 443 U.S. at 319-20 n.13). Even circumstantial evidence that is "relatively weak" may be sufficient to sustain a conviction. *Jones v. Woods*, 207 F.3d 557, 563 (9th Cir. 2000). Under the AEDPA, a state court conviction

may be overturned for insufficient evidence only if the court's decision "was based on an unreasonable determination of the facts in light of the evidence presented" or "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d).

Petitioner has failed to identify any specific errors in the formulation of the law, fact-finding, or application of law in the state court proceedings.  Instead, Petitioner argues that additional evidence of guilt might have been expected to convict him.  *See* Doc. 1 at 15-19.  But that is not the correct inquiry.  The proper inquiry is whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the evidence actually admitted at trial.  *Jackson*, 443 U.S. at 319.

During his direct appeal, the Arizona Court of Appeals discussed the following facts that were included in the trial evidence.  On five occasions on the night in question, detectives watched Petitioner enter and exit an unoccupied property without the owner's permission.  Petitioner was dressed in dark clothing and wearing dark gloves.  While he was on the property, detectives heard noises, including drill-like noises, loud bangs, and smaller bangs.  Between Petitioner's visits to the property, detectives witnessed progressive damage to the points of entry.  After Petitioner's final visit, detectives observed pry marks near the lower door hinge and a broken portion of the side garage door lying on the floor.  Later that night, police arrested Petitioner, searched his vehicle, and found gloves, a flathead screwdriver, and a flashlight.  Based on these facts and viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found proof beyond a reasonable doubt that Petitioner committed attempted burglary in the second degree, *see* A.R.S. §§ 13-1507 and 13-1001(A), and possession of burglary tools, *see* A.R.S. § 13-1505(A)(1).  *Jackson*, 443 U.S. at 319.

Petitioner contends that the jury was biased against him to such an extent that it ignored the trial court's jury instructions and convicted him without sufficient evidence.  *See* Doc. 15 at 6-8.  Petitioner does not challenge the jury instructions themselves; he has not alleged that any particular instruction was contrary to established federal law.  *See*

28 U.S.C. § 2254(d)(1).  To the extent Petitioner claims the jury was biased because he was being surveilled, that is simply a repackaging of ground one, which the Court has already found to be without merit.  Petitioner invites this Court to infer that the jury declined to follow the trial court's instructions faithfully.  The Court declines this invitation.  *See Jackson*, 443 U.S. at 326 (holding that federal habeas corpus court faced with conflicting inferences must presume trier of fact resolved such conflicts in favor of prosecution).  The Court will not substitute its judgment for that of the jury's.  *See Herrera*, 506 U.S. at 401-02.

Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have convicted Petitioner of attempted burglary in the second degree and possession of burglary tools.  *Jackson*, 443 U.S. at 319.

**IT IS ORDERED:**

1. Magistrate Judge Metcalf's R&R (Doc. 14) is **accepted**, Petitioner's petition for writ of habeas corpus (Doc. 1) is **denied**, and a Certificate of Appealability is **denied**.

2. The Clerk is directed to terminate this action.

Dated this 15th day of December, 2015.

_____
David G. Campbell
United States District Judge